IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


C. MICHAEL GONZALEZ-AGUILERA,

        Petitioner,        2:12-cv-00687-TC

        v.        FINDINGS AND RECOMMENDATION

RICK COURSEY,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner, an inmate in the custody of the Oregon Department of Corrections, filed a petition under 28 U.S.C. § 2254 challenging his November 3, 1011, convictions for three counts of second degree robbery. Petition (#1) p. 1.

    Respondent now moves to dismiss the petition without prejudice "because at the time it was filed, petitioner's available state remedies had not been exhausted." Motion to

1 - FINDINGS AND RECOMMENDATION

Dismiss (#8) p. 1.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

If the state remedies for a habeas petitioner's claims are not exhausted when his federal petition is filed, the district court should dismiss the petition. Coleman v. Thompson, 501 U.S. 722 (1993)' James v. Borg, 24 F.3d 20. 24 (9th Cir. 1994).

Petitioner directly appealed the robbery convictions he is challenging in this proceeding but the Oregon Court of Appeals affirmed without opinion, Sate v. Gonzales-Aguilera, 242 Or. App 177 (2011), and the Oregon Supreme Court denied review. 351 Or. 216 (2011).

Petitioner is presently challenging the convictions under attack in this proceeding in two separate state of Oregon proceeding for post-conviction relief. See, Memorandum in Support of Motion to Dismiss (#9) attachments Band C, and D

2 - FINDINGS AND RECOMMENDATION

and E. Therefore, petitioner has not exhausted state remedies with respect to the claims raised in the petition before the court.

Respondent's Motion to Dismiss (#8) should be allowed. Petitioner's Petition (#1) should be denied without prejudice. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

/////

/////

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 5 day of July, 2012.

_____
Thomas M. Coffin
United States Magistrate Judge